19MAG 7169                                    ORIGINAL

Approved: _____
          DANIEL H. WOLF
          Assistant United States Attorney

Before:   HONORABLE ONA T. WANG
          United States Magistrate Judge
          Southern District of New York

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :    COMPLAINT
                                    :
         - v. -                     :    Violation of 21 U.S.C.
                                    :    § 846
EDWIN ALAMO, JR.,                   :
                                    :
                                    :    COUNTY OF OFFENSE:
              Defendant.            :    BRONX
                                    :
------------------------------------x

STATE OF NEW YORK              ) ss:
SOUTHERN DISTRICT OF NEW YORK  )

     TYLER M. DAVILA, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the New York field office, and charges as follows:

## COUNT ONE

### (Narcotics Conspiracy)

     1.   On or about at least July 31, 2019, in the Southern District of New York and elsewhere, EDWIN ALAMO, JR., the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree, together and with each other, to violate the narcotics laws of the United States.

     2.   It was a part and object of the conspiracy that EDWIN ALAMO, JR., the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that EDWIN ALAMO, JR., the defendant, conspired to distribute and possess with intent to distribute was 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge of the foregoing charge are, in part, as follows:

4. I am a Special Agent with HSI and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my conversations with other law enforcement agents, including members of the New York City Police Department ("NYPD"), my review of reports prepared by law enforcement agents, and my personal participation in this investigation, I have learned, in substance and in part, that:

   a. On or about the evening of July 31, 2019, at approximately 10:35 p.m., two NYPD officers traveling in an unmarked car ("Police Car-1") observed a taxi ("Taxi-1") with its rear license plate improperly lit such that the two NYPD officers could not identify the Taxi-1's registration information. Following this observation, the two NYPD officers initiated the police emergency lights of Police Car-1 and initiated a car stop of Taxi-1. At this time, Taxi-1 pulled over to the side of the road, in the vicinity of the intersection of Intervale Avenue and Westchester Avenue in the Bronx, New York.

   b. The two NYPD officers then exited Police Car-1 and approached the driver's side of Taxi-1, where they observed an individual sitting in the driver's seat ("Driver-1") and an individual subsequently identified as EDWIN ALAMO, JR., the defendant, sitting in the rear driver's-side seat. As the two NYPD officers approached Taxi-1, ALAMO rolled down his window and, without prompting and notwithstanding that he was a

2

passenger (not the driver), handed one of the two NYPD officers ("Officer-1") a State-issued identification card. During this interaction, Officer-1 observed a strap connected to a satchel draped over ALAMO's shoulder. ALAMO appeared to be attempting to conceal the satchel connected to that strap.

  c. Officer-1 asked ALAMO, in substance and in part, what ALAMO was keeping inside the satchel. ALAMO responded by asking Officer-1, in substance and in part, if Officer-1 wanted to examine the contents of the satchel. Officer-1 answered affirmatively and requested ALAMO exit Taxi-1. ALAMO complied with that request, left the satchel in the rear seat of Taxi-1, and walked to the rear of Taxi-1, where ALAMO stood with Officer-1's partner ("Officer-2").

  d. While ALAMO was standing with Officer-1 at the rear of Taxi-1, Officer-1 examined the satchel and identified what Officer-1 believed to be, based on his training and experience, a quantity of cocaine (the "Narcotics"). As Officer-1 was examining the satchel, ALAMO began running away from Taxi-1 and from Officer-1 and Officer-2. Officer-2 pursued ALAMO by foot, and Officer-1 entered Police Car-1 and pursued ALAMO by car.

  e. ALAMO was apprehended and arrested minutes later, in the vicinity of 957 Kelly Street in the Bronx, New York.

 6. Based on my conversations with other law enforcement agents, including members of the NYPD, my review of reports prepared by law enforcement agents, and my personal participation in this investigation, I have learned, in substance and in part, that:

  a. After arresting EDWIN ALAMO, JR., the defendant, Officer-1 spoke with Taxi Driver-1, who stated, in substance and in part, that after Officer-1 and Officer-2 initiated a car stop of Taxi-1 but before Taxi Driver-1 had pulled Taxi-1 over to the side of the road, ALAMO told Taxi Driver-1 not to comply with the NYPD officers' request and not to stop Taxi-1.

  b. After having been advised of his *Miranda* rights, ALAMO agreed to speak with law enforcement officers. ALAMO subsequently stated, in substance and in part, that he had been paid $500 to transport the Narcotics on behalf of others, and that he had knowingly transported controlled substances

3

previously on behalf of the same individuals and had been compensated for such transportation.

c. On or about August 1, 2019, the Narcotics were weighed and determined to be approximately 545 grams, and field tested positive for the presence of cocaine.

WHEREFORE, I respectfully request that EDWIN ALAMO, JR., the defendant, be imprisoned, or bailed, as the case may be.

_____
TYLER M. DAVILA
Special Agent
Department of Homeland Security
Homeland Security Investigations


Sworn to before me this
1st day of August, 2019

_____
HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK